UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHINWE N. ATUEGWU,

                Plaintiff,

        -against-

IRS USA,

                Defendant.

22-CV-5204 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action against the Internal Revenue Service ("IRS"), seeking to recover income tax refunds for the years 2013, 2014, and 2015.[1] By order dated October 13, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

---

[1] Plaintiff filed this action in the United States District Court for the Northern District of New York. On June 15, 2022, the Northern District transferred this action to this court. (ECF 5.)

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

A.  **Plaintiff's assertions in the complaint**

Plaintiff brings this action asserting that the IRS has committed "[a]ggravated withholding and deprivation" by not providing her income tax refunds for the years 2013, 2014, and 2015. (ECF 1, at 2.) She further claims that the IRS has refused to give her the American Opportunity Tax Credit for her educational expenses. Plaintiff also alleges that this action is a "refiling" of a complaint she previously had pending in this court before Judge Paul A. Englemayer. (*Id*. at 6.)

B.  **Plaintiff's prior actions against the IRS**

1.  *Atuegwu v. United States*, **No. 18-CV-1518 (PAE) (SN)**

On February 20, 2018, Plaintiff filed a *pro se* action against the IRS and its employees in which she sought judicial review of the IRS's refusal to issue her a tax refund as well as damages. See *Atuegwu v. United States*, No. 18-CV-1518 (PAE) (SN), 2019 WL 2023720, at *1 (S.D.N.Y. May 8, 2019) ("*Atuegwu I*"). Judge Engelmayer construed *Atuegwu I* as brought under 26 U.S.C. § 7422 and, by opinion and order dated May 8, 2019, dismissed that action under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. *Id*. at *2-3.

On September 11, 2019, after Plaintiff informed the court that she had been incarcerated in New Jersey, Judge Engelmayer granted her an opportunity to seek relief from the dismissal order. ECF 1:18-CV-1518, 79. Plaintiff sought reconsideration of the dismissal but, on September 28, 2020, Judge Engelmayer denied that relief. *Atuegwu I*, 2020 WL 5801479 (S.D.N.Y. Sept. 28, 2020) Months later, Plaintiff again sought reconsideration of the dismissal but, on April 1, 2021, Judge Engelmayer denied Plaintiff that relief. ECF 1:18-CV-1518, 90.

2.  *Atuegwu v. IRS USA*, No. 22-CV-1587 (LTS)

On February 25, 2022, Plaintiff, proceeding *pro se*, commenced a second action under 26 U.S.C. § 7422 in this court, in which she sought to recover tax refunds. *Atuegwu v. IRS USA*, No. 22-CV-1587 (LTS), 2022 WL 1289328 (S.D.N.Y. Apr. 29, 2022) ("*Atuegwu II*"). In that action, Plaintiff sued the IRS as well as an IRS mail-collection stop located in Kansas City, Missouri (Stop b225), and asserted that on February 11, 2017, the IRS "refused to send [her a] tax refund and transcript, [and] as a result, [she] could not get [a] loan from the bank for [her] business to stay on." *Id*. at *2. Plaintiff attached a letter to the complaint in which she stated that she was "refiling this complaint, which [she] initially fi[l]ed with the court on [February 16, 2018], but [it] was dismissed . . . [i]n April 2021. *Id*. On April 29, 2022, this Court dismissed *Atuegwu II* as precluded under Rule 41(b) of the Federal Rules of Civil Procedure because of the dismissal of *Atuegwu I*, and for lack of subject matter jurisdiction under the doctrine of sovereign immunity. *Id*. at *2-3. Plaintiff sought reconsideration of the dismissal but, on July 1, 2022, the Court denied that relief. ECF 1:22-CV-1587, 10.

## DISCUSSION

**A.     Dismissal of Plaintiff's complaint**

The Court dismisses this complaint for same reasons set forth in the April 29, 2022, order dismissing *Atuegwu II*. As the Court determined in *Atuegwu II*, when a federal court dismisses a claim on the merits under Rule 41(b) of the Federal Rules of Civil Procedure, it means that that claim is precluded from being raised again in the same court. *Atuegwu II*, 2022 WL 1289328, at *2 (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001)). The Court found in *Atuegwu II* that Judge Engelmayer's dismissal of *Atuegwu I* was an adjudication on the merits for the purposes of Rule 41(b), and held that Plaintiff was precluded under Rule 41(b) from bringing the same claims that she had previously raised in *Atuegwu I* in this court,

including any claims for judicial review of the denial of a tax refund. *Atuegwu II*, 2022 WL 1289328, at *3 (citations omitted). The same reasoning applies to the present action. As Plaintiff is attempting to refile the same claims concerning her tax refunds that she previously raised in *Atuegwu I* and *Atuegwu II*, her claims are precluded by the dismissal of *Atuegwu I* under Rule 41(b). As in *Atuegwu II*, the Court also dismisses any remaining claims Plaintiff may have for lack of subject matter jurisdiction under the doctrine of sovereign immunity. *Id*.

**B.      Warning to Plaintiff**

In light of the dismissals of *Atuegwu I* and *Atuegwu II*, the Court finds that Plaintiff was or should have been aware of the defects of her complaint when she filed it. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff cannot repeatedly file the same claims in an attempt to obtain a different result. To discourage her from further abusing the privilege of filing civil suits in this court, Plaintiff is warned that, should she file another complaint concerning tax refunds that is determined to be duplicative, frivolous, vexatious, or otherwise lacking in merit, the Court will order her to show cause why she should not be barred, under 28 U.S.C. § 1651, from filing new civil actions in which she seeks tax refunds in this court IFP without prior permission from the court.

## CONCLUSION

The Court dismisses Plaintiff's claims in this action that she previously raised in this court in *Atuegwu I* as precluded under Rule 41(b) of the Federal Rules of Civil Procedure. The Court also dismisses Plaintiff's remaining claims for damages for the same reasons stated in *Atuegwu II*, lack of subject matter jurisdiction under the doctrine of sovereign immunity. Fed R. Civ. P. 12(h)(3); *see* 28 U.S.C. § 1915(e)(2)(B)(iii). All other pending matters in this case are terminated.

Plaintiff is also warned that, should she persist in filing complaints in which she seeks tax refunds that are determined to be duplicative, frivolous, vexatious, or otherwise lacking in merit, the Court will order her to show cause why she should not be barred under 28 U.S.C. § 1651 from filing new actions concerning tax refunds without prior permission from the court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   November 14, 2022
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                          Chief United States District Judge